UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAKIM GRIMES,

                          Petitioner,

v.                                            9:19-CV-1336
                                                  (GTS/CFH)

TERESA TYNON,

                          Respondent.
_____

APPEARANCES:                                        OF COUNSEL:

JAKIM GRIMES, 17-B-3065
    Petitioner, *Pro Se*
Washington Correctional Facility
Box 180
Comstock, New York 12821

HON. LETITIA A. JAMES                       PRISCILLA I. STEWARD, ESQ.
Attorney General for the State of New York     Assistant Attorney General
    Counsel for Respondent
28 Liberty Street
New York, New York 10005

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court, in this habeas corpus proceeding filed by Jakim Grimes ("Petitioner") against Teresa Tynon ("Respondent") pursuant to 28 U.S.C. § 2254, are (1) United States Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that Petitioner's Petition be denied and dismissed pursuant to 28 U.S.C. § 2253(c)(2) (and that a certificate of appealability not issue), and (2) Respondent's Objections to two findings of the Report-Recommendation but not to its ultimate conclusion that dismissal is appropriate. (Dkt. Nos. 21, 22.) For the reasons set forth below, Magistrate Judge Hummel's Report-Recommendation is accepted and adopted as modified by this Decision and Order.

I.   **RELEVANT BACKGROUND**

For the sake of brevity, the Court will not summarize Petitioner's criminal conviction and claims, but will assume the reader's familiarity with them. (Dkt. No. 1; Dkt. No. 21, at Parts II and III.)

Generally, in his Report-Recommendation, Magistrate Judge Hummel rendered the following findings of fact and conclusion of law: (1) Petitioner's Petition was timely filed under 28 U.S.C. § 2244(d)(1)(D); and (2) despite this fact, his Petition should be denied and dismissed because (a) his claim of ineffective assistance of appellate counsel was meritless, (b) his Fourth Amendment claim was barred from habeas review by *Tollett v. Henderson*, 411 U.S. 258 (1973), and (c) his challenge to his adjudication as a second felony drug offender was not cognizable on habeas review. (Dkt. No. 21.)

Generally, in her Objection, Respondent asserts two arguments. (Dkt. No. 22.) First, Respondent argues, Magistrate Judge Hummel erred by finding, as a threshold matter, that the Petition was timely filed within the limitations period under 28 U.S.C. § 2244(d)(1)(D), because that finding was inconsistent with his prior finding that Petitioner had failed to act with reasonable diligence by waiting until January 9, 2017, to communicate with counsel about the status of his leave application. (*Id*. at Point I.)

Second, Respondent argues, Magistrate Judge Hummel erred by finding that Petitioner's Fourth Amendment claim was barred from habeas review under *Tollett v. Henderson*, 411 U.S. 258 (1973), because that finding overlooked the applicability of an exception to the *Tollett* rule for instances where a state permits appeal of a constitutional ruling. (*Id*. at Point II.) Instead, Respondent argues, Magistrate Judge Hummel should have recommended that Petitioner's

Fourth Amendment claim be denied and dismissed as procedurally defaulted due to his failure to exhaust that claim in state courts, or alternatively as barred from habeas review by *Stone v. Powell*, 428 U.S. 465 (1976).  (*Id.*)

## II.   APPLICABLE LEGAL STANDARDS

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)©). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to   which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1©).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have

---

[1]   *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he
objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII
claim.").

[2]   *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf.*

3

been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.   Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3(N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007(2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3]

---

*U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3]     *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers

Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P.72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error"review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III.  ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Hummel's Report-Recommendation, the Court finds no clear error in any portions of the Report-Recommendation to which the parties have *not* objected: Magistrate Judge Hummel employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts.   (Dkt. No. 21, Parts II-IV.)   As a result, the Court accepts and adopts the unchallenged portions of the Report-Recommendation for the reasons stated therein.

---

or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]    *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report
to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

With regard to the two portions of the Report-Recommendation to which Respondent has specifically objected, after careful consideration, the Court finds (on de novo review) merit to those Objections for the reasons stated by Respondent. (Dkt. No. 22.) However, the Court finds that its acceptance of Respondent's Objections only strengthens the Report-Recommendation's conclusion that the Petition be denied and dismissed. As a result, the Court accepts the Report-Recommendation as modified by the Objections.

More specifically, the Court basis its denial and dismissal of Petitioner's Petition on the following findings: (1) as a threshold matter, Petitioner's Petition was not timely filed under 28 U.S.C. § 2244(d)(1)(D); (2) even if the Petition were timely filed under 28 U.S.C. § 2244(d)(1)(D), it must be denied and dismissed, because (a) Petitioner's claim of ineffective assistance of appellate counsel was meritless, (b) even if an exception applies here to the rule under *Tollett v. Henderson*, 411 U.S. 258 (1973), his Fourth Amendment claim was not exhausted in state courts (or alternatively is barred from habeas review by *Stone v. Powell*, 428 U.S. 465 [1976]), and (c) his challenge to his adjudication as a second felony drug offender is not cognizable on habeas review.

For each of these alternative reasons, Petitioner's Petition is denied and dismissed.

**ACCORDINGLY**, it is hereby

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 21) is **<u>ACCEPTED</u>** and **<u>ADOPTED</u>** as modified by this Decision and Order; and it is further

**ORDERED** that the Petition (Dkt. No. 1) in this matter is **<u>DENIED</u>** and **<u>DISMISSED</u>**; and it is further

**ORDERED** that a certificate of appealability not issue with respect to any of the claims set forth in the Petition as Petitioner has not made a "substantial showing of the denial of a

constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: January 23, 2023
       Syracuse, New York

*Glenn T. Suddaby*
Glenn T. Suddaby
U.S. District Judge